IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
CIVIL ACTION NO. 1:24-cv-00101

| | | |
|---|---|---|
| DISABILITY RIGHTS RHODE ISLAND, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | COMPLAINT |
| KATELYN MEDEIROS in her official capacity as Acting Child Advocate, THE OFFICE OF THE CHILD ADVOCATE, | ) ) ) ) ) | |
| Defendant. | ) ) ) ) | |

_____

INTRODUCTION

1.  Plaintiff, Disability Rights Rhode Island ("DRRI"), brings this action for declaratory and injunctive relief pursuant to the Protection and Advocacy for Individuals with Mental Illness Act ("the PAIMI Act"), 42 U.S.C. §§ 10801 *et seq.*, the Developmental Disabilities Assistance and Bill of Rights Act ("the DD Act"), 42 U.S.C. §§ 15001 *et seq.*, and the Protection and Advocacy of Individual Rights Program ("the PAIR Act"), 29 U.S.C. § 794e. By this action, DRRI challenges the refusal of the Defendant, Katelyn Medeiros, acting in her official capacity as Acting Child Advocate, to provide DRRI with records to which DRRI is legally entitled.

2.  DRRI is the duly designated state Protection and Advocacy System ("P&A") for individuals with disabilities. 42 U.S.C. § 10801(b). DRRI is entrusted, empowered, and obligated to protect the civil rights of individuals with disabilities in the state of Rhode Island. *Id.*; 29 U.S.C. § 794e(a)(1); 42 U.S.C. § 15041.

3.  As the state P&A, DRRI has the responsibility and authority to access records in the course of investigating allegations of abuse or neglect of individuals with disabilities. 29 U.S.C. § 794e(f)(2); 42 U.S.C. §§ 10805, 10806; 42 U.S.C. § 15043(I).

4.  DRRI has requested certain records from Defendant to which it is entitled access under federal law.

5.  Defendant's refusal to produce the requested records prevents DRRI from fulfilling its statutory mandates of investigating allegations of abuse and neglect, as well as providing protection and advocacy services for individuals with disabilities. By this action, DRRI seeks an order from this Court requiring Defendant to provide the requested information so that DRRI may discharge its statutory duties and investigate the alleged abuse and neglect of individuals with disabilities.

JURISDICTION AND VENUE

6.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), which grant this Court original jurisdiction in all actions authorized by 42 U.S.C. § 1983 to redress the deprivation under color of State law of any rights, privileges, or immunities guaranteed by the United States Constitution and Acts of Congress. Plaintiff's federal claim is made pursuant to the PAIMI Act, 42 U.S.C. §§ 10801 *et seq*., the DD Act, 42 U.S.C. §§ 15001 *et seq*., and the PAIR Act, 29 U.S.C. § 794e. Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202.

7.  Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1). All events and/or omissions giving rise to the claim occurred in Rhode Island and Defendant may be found there.

2

PARTIES

8.   Plaintiff DRRI, the P&A designated by the Governor of the State of Rhode Island to provide protection and advocacy services to individuals with disabilities, is a "person" authorized to seek legal and equitable relief against organizations that deprive it of federally protected rights. DRRI, a non-profit corporation independent of state government, is incorporated in Rhode Island and maintains its principal place of business in Providence, Rhode Island.

9.   DRRI receives federal funds pursuant to the PAIMI, PADD, and PAIR Acts (collectively referred to as "the P&A Acts") and is thereby obligated to provide protection and advocacy services for individuals with disabilities. Under the P&A Acts, DRRI is also authorized to investigate suspected incidents of abuse and neglect and to pursue administrative, legal, and other remedies on behalf of individuals with disabilities. In order to carry out its investigative functions, DRRI is granted the authority to have access to individuals with disabilities in the locations where they receive services and to have access to their medical and other records under certain conditions. 42 U.S.C. § 10806(b)(2); 42 U.S.C. § 15043(I); 42 C.F.R. § 51.41; 45 C.F.R. § 1326.25(a).

10. Rhode Island's Office of the Child Advocate serves as an oversight agency for the Department of Children, Youth and Families ("DCYF"), Rhode Island's child welfare agency. R.I. Gen. Laws § 42-73-7. The Office of the Child Advocate monitors the operation of DCYF to ensure compliance with state and federal law, internal policies and procedures, and best practices in child welfare. The Office of the Child Advocate "About OCA" page, http://www.child-advocate.ri.gov/about/ (last visited February 28, 2024). It monitors facilities, institutions, and residences where DCYF and/or the family court place children. R.I. Gen. Laws § 42-73-7(4).

The Office of the Child Advocate provides formal legal advocacy to DCYF-involved youth and investigates allegations of institutional abuse and/or other mistreatment of DCYF-involved youth. § 42-73-7(3).

11. Defendant Medeiros is the Acting Child Advocate, as appointed by the Governor of the State of Rhode Island. § 42-73-2. Defendant is required to perform the duties of the Child Advocate, including "review[ing] complaints of persons and investigat[ing] those where it appears that a child may be in need of assistance from the child advocate." § 42-73-7(3).

12. Pursuant to state statute, Defendant has the authority to maintain confidentiality of the records of such investigations, and to release the records of such investigations in particular circumstances. § 42-73-10. All of Defendant Medeiros's complained-of actions were taken under color of state law for purposes of 42 U.S.C. § 1983. She is sued in her official capacity.

FACTUAL ALLEGATIONS

13. St. Mary's Home for Children is a children's behavioral health program located in North Providence, RI. DCYF licenses the program pursuant to R.I. Gen. Laws §§ 42-72.1-1 through 42-72.1-7.

14. On December 19, 2023, Defendant completed an investigation regarding the care and treatment, and alleged abuse and/or neglect, of youth placed at St. Mary's Home for Children. Defendant substantiated the allegations, identifying violations of state law and DCYF policies and procedures.

15. On January 3, 2024, The Providence Journal published an article regarding Defendant's report.

4

16. On January 3, 2024, DRRI notified Defendant that DRRI had initiated an investigation into the allegations of abuse and/or neglect at St. Mary's Home for Children. DRRI made a written request, via e-mail, for a copy of Defendant's report.

17. On January 11, 2024, Defendant provided DRRI with a copy of the report. Defendant further released the report publicly by posting a copy on its website. The names of all youth, St. Mary's Home for Children staff, and DCYF staff were redacted on both the published report and the copy provided to DRRI.

18. DRRI subsequently requested a copy of the report without these names redacted.

19. On January 23, 2024, Defendant declined to provide DRRI with the non-redacted report as requested. Defendant cited the Office of the Child Advocate's obligation to maintain the confidentiality of juvenile records pursuant to R.I. Gen. Laws § 42-73-10, and its obligation to maintain the confidentiality of DCYF records pursuant to Rhode Island law, as the reasons for denying the request.

20. On January 24, 2024, DRRI and Defendant discussed the request, and subsequent denial, by telephone. In an effort to avoid litigation, DRRI rescinded its request to Defendant for the non-redacted report and agreed to attempt to access the information from DCYF.

21. DRRI requested the non-redacted report from DCYF on February 26, 2024.

22. On the same date, DCYF declined to provide the report, as Defendant's office is the agency that prepared the report.

23. On February 28, 2024, DRRI submitted a new request for the non-redacted report to Defendant.

24. On March 15, 2024, Defendant denied the renewed request for the non-redacted report. Defendant again cited to its obligations to maintain the confidentiality of both juvenile and DCYF records.

FIRST CAUSE OF ACTION – The PAIMI Act

25. The PAIMI Act and its implementing regulations give DRRI, as Rhode Island's designated P&A, the authority to investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or there is probable cause to believe the incidents occurred. 42 U.S.C. § 10805(a)(1)(A); 42 C.F.R. § 51.42(b).

26. The PAIMI Act and its implementing regulations provide DRRI the authority to access records of individuals with mental illness in order to conduct such investigations.

27. The PAIMI Act and its implementing regulations define individual records to include "[r]eports prepared by an agency charged with investigating abuse, neglect, or injury occurring at a facility rendering care or treatment" that describe abuse, neglect or injury occurring at the facility, the steps taken to investigate such incidents, and personnel records and supporting information relied upon in creating the report. 42 C.F.R. § 51.41(c)(2); *see* 42 U.S.C. § 10806(b)(3)(A).

28. Defendant is charged with investigating allegations of abuse, neglect, or injury in "any and all institutions and/or residences, public or private, where a juvenile has been placed by the family court or the department of children, youth and families." R.I. Gen. Laws § 42-73-7(4). Therefore, any reports or documents generated during Defendant's investigation of abuse and/or neglect at St. Mary's Home for Children are considered records to which DRRI is entitled by the PAIMI Act.

6

29. To access records of individuals with mental illness under the PAIMI Act, DRRI must meet certain conditions regarding the individuals' consent to such access.

30. The PAIMI Act and its implementing regulations give DRRI the authority to access all individual records of a person with mental illness with the consent of the individual or their legal guardian. 42 U.S.C. § 10805(a)(4)(A).

31. The PAIMI Act and its implementing regulations give DRRI the authority to access all individual records of:

> any individual [with a mental illness] (including an individual who has died or whose whereabouts are unknown)—
>
> a. who by reason of the mental or physical condition of such individual is unable to authorize the system to have such access;
>
> b. who does not have a legal guardian, conservator, or other legal representative, or for whom the legal guardian is the State; and
>
> c. with respect to whom a complaint has been received by the system or with respect to whom… there is probable cause to believe that such individual has been subject to abuse or neglect.

42 U.S.C. § 10805(a)(4)(B); 42 C.F.R. § 51.41(b)(2).

32. The PAIMI Act and its implementing regulations give DRRI the authority to access all individual records of:

> any individual with a mental illness, who has a legal guardian, conservator, or other legal representative, with respect to whom a complaint has been received by the system or with respect to whom there is probable cause to

believe the health or safety of the individual is in serious and immediate jeopardy, whenever—

    a.  such representative has been contacted by [the P&A] upon receipt of the name and address of such representative;

    b.  [the P&A] has offered assistance to such representative to resolve the situation; and

    c.  such representative has failed or refused to act on behalf of the individual.

42 U.S.C. § 10805(a)(4)(C); 42 C.F.R. § 51.41(b)(3).

33. DRRI has received a complaint regarding alleged abuse and/or neglect of the youth at St. Mary's Home for Children. A media report regarding such allegations constitutes a complaint as defined in the regulations to the PAIMI Act. 42 C.F.R. § 51.2.

34. Upon information and belief, some of the youth placed at St. Mary's Home for Children and referenced in the investigation report are youth with mental illness in the custody of DCYF. In other words, the State is their guardian. Therefore, DRRI is entitled to access those youths' records, without the consent of any party, pursuant to the authority granted by the PAIMI Act.

35. Upon information and belief, some of the youth placed at St. Mary's Home for Children and referenced in the investigation report are youth with mental illness, and who have non-State guardians who could provide consent to access the youth's records. DRRI has consent to obtain records for some of the youth currently at St. Mary's Home for Children who may be referenced in the report. Therefore, DRRI is entitled to access those youths' records pursuant to the authority granted by the PAIMI Act.

36. Upon information and belief, some of the youth placed at St. Mary's Home for Children and referenced in the investigation report are youth with mental illness, and who have non-State guardians. For such youth, DRRI is required to seek consent to access their records. In order to seek consent, DRRI must obtain the names and contact information for each of their guardians. And in order to obtain such information, DRRI must have the names of the individual youth. Therefore, DRRI is entitled to access the names of such youth in Defendant's report pursuant to the authority granted by the PAIMI Act.

37. The names of staff at St. Mary's Home for Children or DCYF that are referenced in the investigation report are part of the personnel records and supporting information relied upon in creating the report. Therefore, DRRI is entitled to access the names of such staff in Defendant's report pursuant to the authority granted by the PAIMI Act.

38. Defendant declined to provide the requested records based on Rhode Island law that prohibits disclosure of Defendant's records. However, this state law is preempted by the plain language of the PAIMI Act. 42 U.S.C. § 10806(b)(2)(C).

39. By refusing DRRI's written request for access to the non-redacted investigation records, Defendant has deprived DRRI of its statutory rights under the PAIMI Act, 42 U.S.C. §§ 10801 *et seq.*, and the regulations promulgated thereto, 42 C.F.R. §§ 51.1 *et seq.*

40. Defendant's violation of the PAIMI Act irreparably harms DRRI by preventing it from carrying out its responsibilities under the Act.

41. Unless Defendant is enjoined to provide DRRI the access required by the PAIMI Act, DRRI will continue to be irreparably harmed and will be unable to protect and advocate for persons with mental illness as required by the Act.

## SECOND CAUSE OF ACTION – The DD Act

42. The DD Act and its implementing regulations grant DRRI authority to investigate incidents of abuse and/or neglect of individuals with developmental disabilities if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred. 42 U.S.C. § 15043(a)(2)(I).

43. The DD Act and regulations provide DRRI the authority to access records of individuals with developmental disabilities in order to conduct such investigations.

44. The implementing regulations to the DD Act define individuals records to include "[r]eports prepared by a Federal, State or local governmental agency, or a private organization charged with investigating abuse or neglect, injury or death" that describe abuse, neglect or injury that occurred, the steps taken to investigate such incidents, and personnel records and supporting information relied upon in creating the report. 45 C.F.R. § 1326.25(b)(2).

45. Defendant is charged with investigating allegations of abuse, neglect, or injury in "any and all institutions and/or residences, public or private, where a juvenile has been placed by the family court or the department of children, youth and families." R.I. Gen. Laws § 42-73-7(3)-(4). Therefore, any reports or documents generated during Defendant's investigation of abuse and/or neglect at St. Mary's Home for Children are considered records to which DRRI is entitled by the DD Act.

46. To access records of individuals with developmental disabilities under the DD Act, DRRI must meet certain conditions regarding the individuals' consent to such access.

47. The DD Act and its implementing regulations give DRRI the authority to access all individual records of a person with developmental disabilities with the consent of the individual or their legal guardian. 42 U.S.C. § 15043(a)(2)(I)(i); 45 C.F.R. § 1326.25(a)(1).

48. The DD Act and its implementing regulations give DRRI the authority to access all individual records of:

> any individual with a developmental disability, in a situation in which—
>
> a. the individual, by reason of such individual's mental or physical condition, is unable to authorize the system to have such access;
>
> b. the individual does not have a legal guardian, conservator, or other legal representative, or the legal guardian of the individual is the State; and
>
> c. a complaint has been received by the system about the individual or with regard to the status or treatment of the individual or, as a result of monitoring or other activities, there is probable cause to believe that such individual has been subject to abuse or neglect.

42 U.S.C. § 15043(a)(2)(I)(ii); 45 C.F.R. § 1326.25(a)(2).

49. The DD Act and its implementing regulations give DRRI the authority to access all individual records of:

> any individual with a developmental disability, in a situation in which—
>
> a. The individual has a legal guardian, conservator, or other legal representative;
>
> b. A complaint has been received by [the P&A] about the individual with regard to the status or treatment of the individual or, as a result of monitoring or other activities, there is probable cause to believe that such individual has been subject to abuse or neglect;

    c.   such representative has been contacted by [the P&A], upon receipt of the name and address of such representative;

    d.   [the P&A] has offered assistance to such representative to resolve the situation; and

    e.   such representative has failed or refused to act on behalf of the individual.

42 U.S.C. § 15043(a)(2)(I)(ii); 45 C.F.R. § 1326.25(a)(2).

50. DRRI has received a complaint regarding alleged abuse and/or neglect of the youth at St. Mary's Home for Children. A media report regarding such allegations constitutes a complaint as defined in the regulations to the DD Act. 45 U.S.C. §1326.19.

51. Upon information and belief, some of the youth placed at St. Mary's Home for Children and referenced in the investigation report are youth with developmental disabilities in the custody of DCYF. In other words, the State is their guardian. Therefore, DRRI is entitled to access those youths' records, without the consent of any party, pursuant to the authority granted by the DD Act.

52. Upon information and belief, some of the youth placed at St. Mary's Home for Children and referenced in the investigation report are youth with developmental disabilities, and who have non-State guardians who could provide consent to access the youth's records. DRRI has consent to obtain records for some of the youth currently at St. Mary's Home for Children who may be referenced in the report. Therefore, DRRI is entitled to access those youths' records pursuant to the authority granted by the DD Act.

53. Upon information and belief, some of the youth placed at St. Mary's Home for Children and referenced in the investigation report are youth with developmental disabilities, and who

12

have non-State guardians. For such youth, DRRI is required to seek consent to access their records. In order to seek consent, DRRI must obtain the names and contact information for each of their guardians. And in order to obtain such information, DRRI must have the names of the individual youth. Therefore, DRRI is entitled to access the names of such youth in Defendant's report pursuant to the authority granted by the DD Act.

54. The names of staff at St. Mary's Home for Children or DCYF that are referenced in the investigation report are part of the personnel records and supporting information relied upon in creating the report. Therefore, DRRI is entitled to access the names of such staff in Defendant's report pursuant to the authority granted by the DD Act.

55. Defendant declined to provide the requested records based on Rhode Island law that prohibits disclosure of Defendant's records. However, such state law is preempted by the plain language of the regulations implementing the DD Act. 45 C.F.R. § 1326.25(b)(2).

56. By refusing DRRI's written request for access to the non-redacted investigation records, Defendant has deprived DRRI of its statutory rights under the DD Act, 42 U.S.C. §§ 15001 *et seq*., and the regulations promulgated thereto, 45 C.F.R. §§ 1326.19 *et seq.*

57. Defendant's violation of the DD Act irreparably harms DRRI by preventing it from carrying out its responsibilities under the Act.

58. Unless Defendant is enjoined to provide DRRI the access required by the DD Act, DRRI will continue to be irreparably harmed and will be unable to protect and advocate for persons with developmental disabilities as required by the Act.

THIRD CAUSE OF ACTION – The PAIR Act

59. The PAIR Act applies to individuals with disabilities who are ineligible for protection and advocacy services under the PAIMI Act and the DD Act. 29 U.S.C. § 794e(a)(1)(B).

60. The PAIR Act grants DRRI the "same general authorities, including the authority to access records… as are set forth in subtitle C of title I the Developmental Disabilities Assistance and Bill of Rights Act of 2000." § 794e(f)(2).

61. Upon information and belief, some of the youth placed at St. Mary's Home for Children and referenced in the investigation report are youth with disabilities who are ineligible for protection and advocacy services under the PAIMI or DD Acts. As such, these youth are eligible for DRRI's services pursuant to the PAIR Act.

62. For the reasons set out in paragraphs 51-53 above, DRRI is entitled to access those youths' records pursuant to the authority granted by the PAIR Act.

63. By refusing DRRI's written request for access to the non-redacted investigation records, Defendant has deprived DRRI of its statutory rights under the PAIR Act, 29 U.S.C. § 794e.

64. Defendant's violation of the PAIR Act irreparably harms DRRI by preventing it from carrying out its responsibilities under the Act.

65. Unless Defendant is enjoined to provide DRRI the access required by the PAIR Act, DRRI will continue to be irreparably harmed and will be unable to protect and advocate for persons with disabilities as required by the Act.

FOURTH CAUSE OF ACTION – Section 1983

66. Defendant's complained-of actions were taken under color of, and pursuant to the authority granted to her, under state law.

67. By failing to provide DRRI access to the requested records, Defendant has deprived DRRI of the "rights and privileges secured by the Constitution and [federal] laws," specifically the PAIMI, DD, and PAIR Acts. 42 U.S.C. § 1983.

INJUNCTIVE RELIEF

68. Plaintiff adopts and restates the allegations set forth in paragraphs 1-67 of this complaint.

69. As a proximate result of Defendant's violation of the PAIMI, DD, and PAIR Acts, DRRI has suffered, and will continue to suffer, irreparable harm for which there is no remedy at law.

RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1. Enter a declaratory judgment that Defendant's refusal to provide the requested investigation report violates the PAIMI, DD, and PAIR Acts;

2. Enter permanent injunctive relief requiring the Defendant to provide DRRI with access to the requested non-redacted investigation report;

3. Retain jurisdiction over this action to ensure Defendant's compliance with the mandates of the PAIMI, DD, and PAIR Acts;

4. Award DRRI attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

5. Award such other, further, or different relief as the Court deems equitable and just.

This 15th day of March, 2024.                Respectfully submitted,

/s/ Kristine L. Sullivan_____
Kristine L. Sullivan, R.I. State Bar No. 10556
DISABILITY RIGHTS RHODE ISLAND
33 Broad Street, Suite 601
Providence, RI 02903
Phone: (401) 831-3150
Fax: (401) 274-5568
Email: ksullivan@drri.org

15